IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

_____

| | | |
|---|---|---|
| **IN RE: PELLA CORPORATION** | : | **MDL Docket No. 2514** |
| **ARCHITECT AND DESIGNER SERIES** | : | **ALL CASES** |
| **WINDOWS MARKETING, SALES** | : | |
| **PRACTICES AND PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |

_____

### CASE MANAGEMENT ORDER NO. 1

This Order shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Order of February 14, 2014, as well as all related actions originally filed in this Court or transferred or removed to this Court. This Order shall also govern the practice and procedure in any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.1 of the Rules of Procedure of that Panel subsequent to the filing of the final transfer Order by the Clerk of this Court and any related actions subsequently filed in this Court or otherwise transferred or removed to this Court. The actions described above are consolidated for pretrial purposes.

**I.      APPOINTMENT OF LIASON COUNSEL, LEAD COUNSEL, AND COMMITTEES**

This section addresses the organizational structure and appointments for all matters that are part of, or will be part of, this consolidated action.

### **PLAINTIFFS' STEERING COMMITTEE**

**A. Structure**

The Plaintiffs' pretrial activities in this case shall be managed by the Plaintiffs' Steering Committee ("PSC"), as follows:

Plaintiffs' Steering Committee

The following counsel are appointed as members of the Plaintiffs' Steering Committee:

Richard Arsenault
Neblett, Beard & Arsenault
2220 Bonaventure Court
Alexandria, LA 71301
(800) 256-1050
rarsenault@nbalawfirm.com

Daniel K. Bryson
Gary E. Mason
Whitfield Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
dan@wbmllp.com

James E. Cecchi
Carella, Byrne, Cecchi, Olstein
Brody & Agnello, P.C.
5 Becker Farm Road
Roseland, New Jersey 07068
Jcecchi@carellabyrne.com

Jordan L. Chaikin
Parker Waichman, LLP
3301 Bonita Beach Road, Suite 101
Bonita Springs, FL 34134
jchaikin@yourlawyer.com

Marc H. Edelson
Edelson & Associates, LLC
45 West Court Street
Doylestown, PA 18901
medelson@edelson-law.com

Vincent J. Esades
Heins, Mills & Olson, PLC
310 Clifton Avenue
Minneapolis, MN 55403
vesades@heinsmills.com

Andrew A. Lemmon
Lemmon Law Firm, LLC
P.O. Box 904
Hahnville, LA 70057
andrew@lemmonlawfirm.com

Justin Lucey
Justin O'Toole Lucey, P.A.
Post Office Box 806
Mount Pleasant, SC 29465-0806
jlucey@lucey-law.com

Frank Petosa
Morgan and Morgan, P.A.
600 N. Pine Island Rd.
Suite 400
Plantation, FL 33324
fpetosa@forthepeople.com

Charles E. Schaffer
Levin, Fishbein, Sedran & Berman
510 Walnut St, Ste. 500
Philadelphia, PA 19106
CSchaffer@lfsblaw.com

Jonathan Shub
Seeger Weiss LLP
1515 Market St
Suite 1380
Philadelphia, PA 19102
jshub@seegerweiss.com

David Wise
Wise & Donahue, PLC
421 Court Street
Reno, Nevada, 89501
dwise@wisedonahue.com

Each appointment to the PSC is for one year from the date of this order. Appointees may apply to be reappointed when their term expires. If or when they reapply, their application should contain references to the nature and scope of their work on the PSC including the time and resources expended during the past term.

# LEAD COUNSEL

### A.  Structure

Plaintiffs shall be represented by one or more attorneys to serve as lead counsel. Lead or Co-Lead shall coordinate with each other as required by the course of the pretrial proceedings.

The Defendant shall be represented by one or more attorneys to serve as lead counsel. Lead or Co-Lead shall coordinate with each other as required by the course of the pretrial proceedings.

### B.  Plaintiffs' Lead Counsel

The following attorneys have been elected as the Plaintiffs' Co-Lead Counsel; therefore, the Court designates them to serve in that position:

Daniel K. Bryson
Whitfield Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
dan@wbmllp.com

Jonathan Shub
Seeger Weiss LLP
1515 Market St
Suite 1380
Philadelphia, PA 19102
jshub@seegerweiss.com

### C.  Defendant's Lead Counsel

The following attorneys have been elected as the Defendant's Lead Counsel; therefore, the Court designates them to serve in that position:

John P. Mandler
Faegre Baker Daniels LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-3901
john.mandler@faegrebd.com

Michael T. Cole
Nelson Mullins Riley & Scarborough LLP
Liberty Center, Suite 600
151 Meeting Street
Charleston, SC 29401
mike.cole@nelsonmullins.com

**D.     Responsibilities of Lead Counsel**

Lead counsel shall be generally responsible for coordinating the activities of their respective group (Plaintiffs or Defendant) during pretrial proceedings and shall:

1. Determine (after such consultation with other members of their Steering Committee and other co-counsel as may be appropriate) and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of their parties on all matters arising during pretrial proceedings;

2. Coordinate the initiation and conduct of discovery on behalf of their group consistent with the requirements of Fed. R. Civ. P. 26(b)(1), 26(b)(2), and 26(g), including the preparation of joint interrogatories and requests for production of documents and coordinate the examination of witnesses in depositions;

3. As to Defendant's Lead Counsel, receive and, as appropriate, distribute to co-counsel orders from the Court and documents from opposing parties and counsel;

4. As to Defendant's Lead Counsel, maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository.

5. Conduct settlement negotiations on behalf of their group, but not enter into binding agreements except to the extent expressly authorized;

6. Delegate specific tasks to other counsel or committees of counsel, as authorized by the court, in a manner to ensure that pretrial preparation for their group is conducted efficiently and effectively;

7. Enter into stipulations with opposing counsel as necessary for the conduct of the litigation;

8. Prepare and distribute periodic status reports to the parties;

9. Maintain adequate time and disbursement records covering services as lead counsel;

10. Monitor the activities of co-counsel to ensure that schedules are met and unnecessary expenditures of time and funds are avoided;

11. Perform such other duties as may be incidental to proper coordination of their group's pretrial activities or authorized by further order of the court; and

12. Appoint additional committees, as necessary, including but not limited to expert, discovery, trial, and settlement committees.

## **LIAISON COUNSEL**

**A. Plaintiffs' Liaison Counsel**

The following attorney has been elected as the Plaintiffs' Liaison Counsel; therefore, the Court designates him to serve in that position:

Justin Lucey
Justin O'Toole Lucey, P.A.
Post Office Box 806
Mount Pleasant, SC 29465-0806
jlucey@lucey-law.com

Plaintiffs' Liaison Counsel shall:

1. Serve as intermediary between Plaintiffs' counsel and the Court;

2. Maintain and distribute to co-counsel and to all other Liaison Counsel an up-to-date service list;

3. Receive and, as appropriate, distribute to co-counsel orders from the Court and documents from opposing parties and counsel; and

4. Maintain and make available to co-counsel at reasonable hours a complete file of all documents served by or upon each party except such documents as may be available at a document depository.

**B. Defendant's Liaison Counsel**

The following attorney has been elected as the Defendant's Liaison Counsel; therefore, the Court designates him to serve in that position:

Michael T. Cole
Nelson Mullins Riley & Scarborurgh LLP

Liberty Center, Suite 600
151 Meeting Street
Charleston, SC 29401
mike.cole@nelsonmullins.com

Defendant's Liaison Counsel shall:

    1.    Serve as intermediary between defense counsel and the Court; and

    2.    Maintain and distribute to co-counsel an up-to-date service list.

## II.   GENERAL CASE MANAGEMENT

### A.   Orders

The Clerk shall deliver a copy of each order to all Liaison Counsel for distribution as appropriate to other counsel and parties on their respective sides of this proceeding. The Clerk shall also serve each Order electronically to all counsel who have registered for electronic service.

### B.   Electronic Filing and Service

All attorneys appearing in this Court shall register for ECF filing in this Court. The parties are expected to follow the District of South Carolina policies and procedures on Electronic Case Filing ("ECF"). Any document which pertains to an individual case must be filed the individual case with the appropriate civil action number. Electronic case filing of a document shall be deemed to constitute proper service on all parties. Discovery and other documents not filed with the Court shall be served on Lead and Liaison Counsel of the party being served by electronic mail, where practicable, or U.S. Mail where preferable because of document size or nature of attachments.

### C.   Separate Dockets and Files

The Clerk shall maintain a separate docket and case files for each case removed to, or transferred to, this Court. Each such case will be assigned a new case number in this Court.

**D.     Captions and Filings Related to "All Actions"**

Orders, pleadings, motions and other documents will bear captions similar to that of this Order. If generally applicable to all coordinated actions, they shall include in their caption the notation that "This Document Relates to All Actions" and shall be filed and docketed only in the master file for MDL 2514.

**E.     Other Items**

1. Counsel who entered an appearance in the transferor district court prior to the transfer need not enter a separate appearance before this Court.

2. All attorneys who have entered an appearance in these coordinated cases will receive notification of documents which are e-filed in this case. Any attorney who has not previously entered an appearance and wishes to receive notification of filings in the case must enter an appearance in this Court.

3. No parties to any of these actions shall be required to obtain local counsel in this district, and the requirements of the Rules of this court are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States Court.

4. Any orders, including protective orders, previously entered by any transferor district court shall remain in full force and effect unless modified by the Court upon application.

5. This Court requests the assistance of counsel in calling to the attention of the clerk of this Court the filing or transfer of any case that might properly be coordinated as part of the Pella Corporation Architect and Designer Series Windows Marketing, Sales Practices, and Products Liability Litigation, upon either Party's information and belief that the matter should be so coordinated.

**III.     STATUS CONFERENCES**

**A.     Regularly Scheduled Conferences**

The Court intends to schedule and hold status conferences approximately every six (6) weeks. Counsel for each side shall meet and confer in advance of each status conference and submit to the Court a joint agenda and status conference report listing all matters and motions to

be considered by the Court at the status conference forty-eight (48) hours prior to each scheduled conference.

**B.      Telephonic Conferences**

Telephonic conferences may be conducted at the Court's discretion by prior arrangement with the Court's chambers, provided that all interested parties receive at least forty-eight (48) hours notice. The parties shall provide the Court with a proposed agenda twenty-four (24) hours prior to the telephonic conference. The Court may initiate conference calls on procedural or scheduling matters.

**IV.     DISCOVERY PROCEDURES**

A Case Management Order related to discovery procedures will be entered separately. All discovery proceedings in these actions are stayed until further order of this court and the time requirements to perform any acts or file any papers pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure are tolled until a discovery schedule has been entered by the Court, with the exception that if any named plaintiff intends to repair or replace any Pella Architect or Designer window(s) in his or her home, Plaintiffs' Lead Counsel shall inform Defendant's Lead Counsel and, pursuant to Fed. R. Civ. P., Rule 34(a)(2), Defendant shall have the right to request an inspection of the window(s) to be repaired or replaced, prior to the repair or replacement. The Parties shall confer in an attempt to jointly formulate a proposed Case Management Order outlining a discovery schedule, and submit their agreed upon Case Management Order to the Court for approval, or if there is no agreement, the parties shall present a proposed Case Management Order outlining the differences between the parties.

**V.      ATTORNEYS' TIME AND EXPENSE RECORDS**

Reimbursement for costs and/or fees for services of all plaintiffs' counsel performing

functions in accordance with this order will be set at a time and in a manner established by the Court after due notice to all counsel and after a hearing. The following standards and procedures are to be utilized by any counsel seeking fees and/or expense reimbursement.

1. **General Guidelines**

    a. All time and expenses submitted must be incurred only for work authorized by the Plaintiffs' Steering Committee.

    b. These Time and Expense Guidelines are intended for all activities performed and expenses incurred by counsel that relate to matters common to all claimants in MDL 2514.

    c. Time and expense submissions must be submitted timely, on a quarterly basis, to Plaintiffs' Co-lead counsel, Daniel K. Bryson for compilation.

    d. The first submission is due on July 15, 2014 and should include all time through June 30, 2014. Thereafter, time records shall be submitted on the 15th of each month and shall cover the time period through the end of the preceding quarter.

2. **Time Reporting Guidelines**

    a. Only time spent on matters common to all claimants in MDL 2514 will be considered in determining fees. No time spent on developing or processing any case for an individual client (claimant) will be considered or should be submitted.

    b. All time must be accurately and contemporaneously maintained. All counsel shall keep a daily record of their time spent in connection with this litigation, indicating with specificity the hours, location and particular activity (such as "conduct of deposition of A.B."). The failure to maintain such records, as well as insufficient description of the activity may result in a forfeiture of fees.

    c. All time for each firm shall be maintained in tenth-of-an-hour increments. Failure to do so may result in time being disallowed.

3. **Expense Reporting Guidelines**

    a. Advanced costs will be deemed as either "Shared" or "Held."

        i. Shared Costs are costs that will be paid out of a separate Plaintiffs' Steering Committee MDL 2514 Fund account to be established by Plaintiffs' Liaison Counsel and to be funded by all members of the

      PSC and other as determined by the PSC. The PSC MDL 2514 Fund account will be administered by liaison counsel Justin Lucey.

  ii.  Held Costs are those that will be carried by each attorney in MDL 2514 and reimbursed as and when determine by the PSC.

b.  Each member of the PSC will contribute to the Plaintiffs' Steering Committee MDL 2514 Fund at times and in amounts sufficient to cover the administration of the MDL. The timing and amount of each assessment will be determined by the PSC. All such assessments shall be subject to final accounting at an appropriate time.

c.  <u>Shared Costs.</u> Shared Costs are costs incurred for the common benefit of the MDL as a whole. No client-related costs can be considered as Shared Costs. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Shared costs and qualify to be submitted and paid directly from the MDL account. All shared Costs must be approved by Plaintiffs' Liaison Counsel prior to payment.

Shared Costs include:

  i.  Court, filing and service costs;

  ii.  Deposition and court reporter costs;

  iii.  Document Depository: creation, operation, staffing, equipment and administration;

  iv.  Plaintiffs' Liaison counsel administrative matters (e.g. expenses for equipment, technology, courier services, long distance, telecopier, electronic service, photocopy and printing, secretarial/temporary staff, etc.);

  v.  PSC group administration matters such as meetings and conference calls;

  vi.  Legal and accountant fees;

  vii.  Expert witness and consultant fees and expenses;

  viii.  Printing, copying, coding, scanning (out-of-house or extraordinary firm cost);

  ix.  Research by outside third party vendors/consultants/attorneys;

  x.  Common witness expenses including travel;

  xi.  Translation costs;

  xii.  Bank or financial institution charges; and

  xiii.  Investigative services.

Plaintiffs' Liaison Counsel shall prepare and be responsible for distributing to the appropriate plaintiffs' counsel and the PSC reimbursement procedures and the forms associated therewith. Request for payments should include sufficient information to allow Plaintiffs' Liaison counsel to account properly for costs and to provide adequate detail to the Court. All requests shall be subject to review and approval by Plaintiffs' Liaison Counsel.

  d.  <u>Held Costs.</u> Held Cost records shall be submitted to Plaintiffs' Liaison Counsel on a quarterly basis. Held Costs are costs incurred for the global benefit of the MDL. Held Costs are those that do not fall into the above Shared Costs categories but are incurred for the benefit of all plaintiffs in general. No specific client-related costs can be considered as Held Costs. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered held costs and qualify to be submitted for consideration by the PSC and the Court for future reimbursement.

  i.  Telefax charges;

  ii.  Postage, shipping, courier, certified mail;

  iii.  Printing and photocopying (in-house);

    iv.     Computerized research – Lexis/Westlaw;

    v.     Telephone – long distance (actual charges only);

    vi.     Travel – (following the travel expense guidelines set for the in Section e below) – for attorney for deposition, court or legislative including:

        a.     Airfare;

        b.     Reasonable ground transportation;

        c.     Hotel;

        d.     Reasonable meals and entertainment;

        e.     Reasonable other (parking); and

        f.     Car rental, cabs, etc.

    vii.     Secretarial and clerical overtime.

e.     <u>Travel Limitations.</u> Except in extraordinary circumstances approved by Plaintiffs' Liaison counsel or the PSC, all travel reimbursements are subject to the following limitations:

    i.     Airfare. Only lowest-priced available coach air fare at time of booking (either at restricted coach rates or rates which allow the reservation to rebooked without surcharge and other agency fees) for a reasonable itinerary will be reimbursed.

    ii.     Hotel. Hotel room charges must be reasonable.

    iii.     Meals. Meal expenses must be reasonable.

    iv.     Cash Expenses. Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc.) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

    v.     Rental Automobiles. Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles are available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown only the travel reimbursement form, and only the non-luxury rate may be claimed.

    vi.     Mileage. Mileage claims must be documented by stating origination

13

        point, destination, total miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS (currently 56 cents per mile).

    f.     <u>Other Limitations</u>

        i.     Long Distance and Cellular Telephone: Long distance and cellular telephone charges must be documented. Copies of the telephone bills must be submitted with notations as to which charges relate to the litigation.

        ii.     Shipping, Courier and Delivery charges: All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package.

        iii.     Postage Charges: A Contemporaneous postage log or other supporting documentation must be maintained and submitted. Postage charges are to be reported at actual cost.

        iv.     Telefax Charges: Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $1.00 per page.

        v.     In-House Photocopy: A contemporaneous photocopy log or other supporting documentation must be maintained and submitted. The maximum copy charge is $.25 per page.

        vi.     Secretarial and Clerical Overtime: An itemized description of the task and time spent must be submitted for secretarial and clerical time. All such overtime must be approved before submission by Plaintiffs' Liaison counsel or the PSC.

        vii.     Computerized Research – Lexis/Westlaw: Claims for Lexis, Westlaw, and other computerized legal research expenses should be in the exact amount charged to the firm for these research services.

## VI.   <u>GENERAL APPLICABILITY OF ORDER</u>

This order applies to all pending and to each subsequently filed case that becomes part of MDL No. 2514.

## VII.   <u>COMMUNICATION AMOUNG COUNSEL</u>

This Court recognizes that cooperation by and among Plaintiffs' counsel and by and among Defendant's counsel is essential for the orderly and expeditious conduct of this litigation.

14

The communication of information among and between Plaintiffs' counsel and among and between Defendant's counsel shall not be deemed a waiver of attorney client privilege or the protection afforded attorney's work product, and cooperative efforts contemplated above shall not in any way be used against Plaintiffs by any Defendant or against any Defendant by any Plaintiff. Nothing contained in this paragraph shall be construed to limit the rights of any party or counsel to assert the attorney-client or joint defense privilege or the attorney work-product doctrine.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 9, 2014**
**Charleston, South Carolina**

15