IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: PELLA CORPORATION ARCHITECT | : | MDL Docket No. 2514 |
| AND DESIGNER SERIES WINDOWS | : | ALL CASES |
| MARKETING, SALES PRACTICES AND | : | |
| PRODUCTS LIABILITY LITIGATION | : | |
| _____ | : | |

## CASE MANAGEMENT ORDER NO. 3

**I.    GENERAL DISCOVERY PROCEDURES**

    **A.    Applicability of Rules**

Except as otherwise provided in this Order, the Federal Rules of Civil Procedure and the Local Rules of this Court will generally apply in this proceeding. However, the Court specifically notes that the provisions of this Order obviate (a) the obligation of any party to this proceeding to comply with any applicable initial disclosure requirements of Fed. R. Civ. P. 26(a)(1); (b) any applicable specifications on timing and sequencing of discovery set forth in Fed. R. Civ. P. 26(d); and (c) any applicable obligation of any party to this proceeding to comply with the conference and planning requirements in Fed. R. Civ. P. 26(f) and Local Rule 26.03.

Nothing in this Order shall preclude third-party discovery.

    **B.    Discovery Requests and Responses**

Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses will not be filed with the Court, except when specifically ordered by the Court or to the extent they are presented in connection with a motion. Inspections of the Plaintiffs' residences will be subject to a mutually agreed upon schedule and protocol.

1

Inspections of Pella's manufacturing plants (subject to the terms of the Confidentiality Order) and windows will be subject to a mutually agreed upon scope and schedule.

### C.  Discovery and Rolling Productions

Discovery shall not be bifurcated into separate class and merits discovery.  However, the parties have met and conferred and agree to  rolling production of document production on a schedule to be agree to by the parties and consistent within the discovery deadlines and class action briefing schedule set forth in CMO 5. Upon receipt of Plaintiffs' Master Set of Discovery Requests, the parties will meet and confer regarding the timing of documents to be produced.

If there is a material change in the scope of discovery or if the Parties, acting in good faith, cannot complete document production by the deadlines set forth herein based on unanticipated volumes of documents subject to Requests for Production, they shall first meet and confer regarding any necessary changes to the deadlines, and then bring any agreed upon extension or requested extensions that have not been agreed upon to the attention of the Court.

### D.  Master Written Discovery by the Parties

The Plaintiff Steering Committee ("PSC") may serve a Master Set of Requests for Production (not to exceed 50 original requests, including subparts), a Master Set of Interrogatories (not to exceed 50 interrogatories, including all subparts), and a Master Set of Requests for Admission (not to exceed 50, including all subparts) on the Defendant.  Additional Interrogatories, Requests for Production, or Requests for Admission may not be served in any individual case outside the Master Set of discovery absent a meet and confer process.

Defendant may serve a Master Set of Requests for Production, a Master Set of Interrogatories, and a Master Set of Requests for Admission on Plaintiffs for all matters in the MDL and to be completed by all Named Plaintiffs.  Defendant may also serve Additional

2

Interrogatories, Requests for Production, or Requests for Admission in any individual case addressing the individual claims in that matter so long as the Master Set of discovery and any individual discovery requests together do not exceed 50 (including all subparts) Requests for Production, Interrogatories, or Requests for Admission.

### E. Conduct of Depositions

Each side should endeavor to limit the number of attorneys questioning a deponent by conferring in advance of the deposition to allow one attorney to be the primary questioner. Counsel for the noticing party shall give opposing counsel notice of the identity of the examiner(s) twenty-four (24) hours prior to the beginning of each deposition.

With regard to depositions noticed by Plaintiffs, the Plaintiffs' attorney designated to conduct the examination will coordinate with the PSC and Plaintiffs' Lead or Liaison Counsel so as to conduct as thorough and non-duplicative an examination as practicable.

### F. Duration of Examinations

Unless otherwise agreed upon, depositions shall last no longer than seven (7) hours for lay witnesses; however, the parties shall consult regarding extending the limit to two (2) days for witnesses with extensive product knowledge.

### G. Number of Depositions

No more than 25 depositions of common fact witnesses currently or formerly employed by Pella Corporation shall be taken in this litigation absent agreement of Lead or Liaison Counsel or an Order of this Court. This limitation shall include any depositions conducted pursuant to Federal Rule of Civil Procedure 30(b)(6).

Plaintiffs may initially take Rule 30(b)(6) deposition(s) of Pella's designated representative(s) on the issues of records retention and collection; ESI and corporate

organization on or after July 15, 2014, followed by Rule 30(b)(6) deposition(s) of representative(s) on additional Areas of Inquiry on or after August 1, 2014.  Plaintiffs shall serve Defendant with one (1) set of Areas of Inquiry.  The parties shall thereafter meet and confer about any objections to the Areas of Inquiry, and the schedule on which Plaintiffs may take the corresponding depositions.

### H.     Avoidance of Duplicative Depositions

Absent agreement of the parties or leave of Court, no witness should be deposed more than once in these proceedings; however, persons designated as 30(b)(6) representatives may be separately deposed as individual fact witnesses provided (1) the 30(b)(6) deposition has not already covered the witnesses' personal factual knowledge except as necessary to provide background for the 30(b)(6) topic; and (2) the fact deposition does not cover areas of inquiry from the 30(b)(6) deposition.  Supplemental depositions will be permitted only upon motion demonstrating (a) a completing need for the information sought and (b) compelling reasons why the desired lines of questioning could not have been pursued in the original deposition and why the information cannot be obtained from any persons available for future depositions. If permitted, a supplemental deposition shall be treated as the resumption of the deposition originally noticed. Examination in any supplemental deposition shall not be repetitive of any prior interrogation.

### I.     Fact Witnesses

i.     *Generally*

Except as specifically provided, below, the scheduling and conduct of depositions, including resolution of any disputes arising during depositions, shall be in accordance with the

Federal Rules of Civil Procedure and the Local Rules of this Court, including Local Rule 30.04 Counsel are expected to cooperate with, and be courteous to, each other and deponents.

    ii.    *Scheduling of Depositions*

    a.    Depositions must be noticed pursuant to Rule 30, F.R.C.P., at least thirty (30) days in advance, with notice served upon Lead and Liaison Counsel, unless a shorter notice period is agreed to by all parties. Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and proposed deponents in an effort to schedule depositions at mutually convenient times and places. Lead or Liaison Counsel, or their representatives, shall attempt to establish by mutual agreement a schedule for depositions in this proceeding that reflects sequencing consistent with (a) the availability of documents from among those produced by the parties and third parties and (b) the objective of avoiding the need to subject any person to repeated depositions. Disputes concerning the timing and scheduling of depositions, however, may be presented to Court.

    b.    Plaintiff party/corporate witnesses and Pella Corporation corporate representative witnesses will be produced in accordance with whatever schedule is developed. Upon receipt of written notice or inquiry by Plaintiffs' Lead or Liaison Counsel which identifies the name of any individual known to be or have been employed by Pella Corporation, Pella Corporation will conduct an inquiry of the location of the individual and inform the Plaintiffs' Lead or Liaison Counsel if a subpoena is needed. Depositions of parties and non-parties will be in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

    c.    Lead or Liaison Counsel will be responsible for keeping their respective group fully apprised of the scheduling of any deposition in this proceeding.

      d.     All depositions of persons currently employed by Defendant shall be taken in a place mutually agreed to by Lead or Liaison Counsel. All depositions of other witnesses shall be taken as such other locations as shall be agreed upon by the witness and Lead or Liaison Counsel. Pella Corporation will make a good faith effort to produce former employees for deposition if the need arises.

      e.     Once a deposition has been mutually scheduled by Lead or Liaison Counsel, it shall not be taken off the calendar, rescheduled, or relocated less than three calendar days in advance of the date it is scheduled to occur, except upon agreement between Lead or Liaison Counsel and counsel for the witness, or by leave of Court for good cause.

    iii.    *Attendance*

Unless otherwise agreed to by the parties, depositions may be attended only by the parties, the parties' counsel (including in-house counsel), the deponent, the deponent's attorney, representatives of the parties' insurers, court reporters, videographers, members and/or employees of the law firms of counsel of record; and agents for the parties. Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth in the previous sentence. Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court. While and so long as a deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under the Confidentiality Order shall be excluded.

    iv.    *Stenographic Recording*

A certified court reporter shall stenographically record all deposition proceedings (including those that are videotaped) and testimony. The court reporter shall administer the oath

or affirmation to the deponent. A written transcript by the court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30(e) (submission to the witness) and 30(f) (filing, exhibits).

    v.    *Videotaping*

Videotaping of depositions shall be subject to the requirements of the FEDERAL RULES OF CIVIL PROCEDURE and the Local Rules where applicable.

    a. Cost of Deposition. The noticing party shall bear the expense of videotaping and stenographic recording. Motions to recover these costs and expenses may be made at the conclusion of the litigation in accordance with applicable law.

    b. Videotape Operator. The video camera shall be operated by an experienced video camera operator ("videotape operator"). In all cases subject to this Plan, the operator shall be subject to the provisions of Federal Rule of Civil Procedure 28(c). The videotape operator shall not distort the appearance or the demeanor of participants in the deposition by the use of camera or sound recording techniques.

    c. Interruptions. The video camera operation will be suspended during the deposition only by agreement of counsel examining and defending the deposition, and "off the record" discussions shall not be videotape recorded. The video camera operator shall record on camera the time of suspension and any subsequent reconvening of the deposition.

    d. Index. The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the positions on the tape at which examination by different counsel begins and ends, at which objections are made and examination resumes, at which exhibits are

identified, and at which any interruption of continuous tape recording occurs, whether for recesses, "off the record" discussion, mechanical failure, or otherwise.

  e. Certification.  After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic court reporter.

  f. Technical Data.  Technical data, such as recording speeds and other information needed to replay or copy the tape, shall be included with copies of the videotapes.

  g. Exhibits.  If examining counsel uses an ELMO or other device to capture document images during a videotaped deposition and incorporate the image into the videotape, such counsel may highlight or underline portions of the document but may not otherwise manipulate the document, such as by writing on or otherwise altering the document.

  h. No Distortion.  The camera operators shall not distort the appearance or the demeanor of participants in the deposition by the use of camera or sound recording techniques.

 vi. *Objections at Depositions and Conduct during Depositions*.  The parties shall be bound and shall abide by Local Rule 30.04 during all depositions.  With respect to the form of question or responsiveness of the answers, as soon as any one attorney representing a party to this litigation states the word "objection," all parties shall be deemed to have preserved all possible objections to the form of the question or the responsiveness of the answer.  Counsel for other parties shall not repeat the objection.

 vii. *Deposition Exhibits*.

  a. *Provision of Hard Copies.* Extra hard copies of documents about which counsel expect to examine the deponent should be provided to the reporter, the deponent, deponent's counsel, and a reasonable number of copies for counsel for the other party participants during the deposition, except as indicated in c below.

  b. *Use of Bates Numbers.* To the extent possible, all exhibits shall have printed Bates numbers affixed. Documents that have not been previously produced shall be assigned a Bates number from a range of numbers reserved for this purpose. The first time a document is marked as a deposition exhibit, it shall be referred to by the Bates number appearing on the document.

  c. *Marking of Deposition Exhibits.* All documents marked as exhibits shall be attached to the original transcript and retained with the original transcript. Copies of exhibits may be attached to copies of the transcript where the party ordering the transcript pays for the costs of copying those exhibits. Plaintiffs' and Defendant's deposition exhibits shall be separately numbered, sequentially starting with No. 1 and continuing with the next sequential number for the next witness. The objective is to avoid duplication of deposition exhibits. There shall be no obligation to provide additional copies at a subsequent deposition after the exhibit has been marked and copies provided one time.

 viii. *Real-Time Transcription.* Any party may arrange for "real time" transcription of a deposition at its cost.

 ix. *Correction and Signing of Deposition.* The transcript of a deposition shall be submitted to the deponent for correction and signature within sixty (60) days after receipt of the transcript from the court reporter. The deposition may be signed by the deponent before any notary or pursuant to 28 U.S.C. § 1746. If no corrections are made within sixty (60) days after

completion of the deposition, the transcript will be deemed accurate and the parties shall have the right to use a copy of the transcript in any further proceedings as though the copy of the transcript in any further proceedings were the original transcript.  In the event the original transcript is unsigned, lost, stolen, or inadvertently destroyed, a certified copy reflecting any changes made to the original transcript may be used in place of the original.

### J.     General Discovery Dispute Resolution

To avoid unnecessary motion practice, counsel are directed to meet and confer before contacting the Court on discovery issues.  Any non-case-specific discovery motion filed by any plaintiff must be approved by the PSC and signed and served by Plaintiffs' lead Counsel.  The Court will meet periodically with all Lead or Liaison Counsel to address any unresolved discovery disputes and it will accept letter briefs not exceeding five pages from the parties at least two (2) business days in advance of such meetings. If discovery disputes arise which the parties cannot resolve on their own, and that require resolution before the next scheduled meeting with the Court, the parties shall contact the Court by telephone. The Court, at its discretion, will then either: (1) schedule an additional meeting or hearing with Lead or Liaison Counsel and any other relevant counsel; (2) conduct a telephonic conference call with such counsel; or (3) invite written submissions from the parties explaining the dispute.

### K.     Document Depository

All documents produced by Defendants in this proceeding shall be produced to Plaintiffs' designated representative, so long as that is a single attorney or Plaintiffs' document hosting vendor. The PSC shall bear the cost of and administer its own document depository. The PSC shall make the documents produced by Defendants available to Plaintiffs in any case consolidated in this matter, subject to an appropriate cost-sharing provision which will be the

subject of a further order. This production shall not preclude any party from asserting in any action that such documents are inadmissible at trial, nor shall this provision be construed to supersede or amend any state's law or state court order pertaining to such documents.

**L.     Identification of Documents**

    i.     *Numbering System*

The parties shall develop and use a system for identifying, by unique number or symbol, each document produced or referred to during the course of litigation. Each producing party shall give each page of any document it produces a unique number, using a consistent numbering system that identifies the producing party (using a letter or series of letters as a prefix), with the exception of documents produced in native format which will be addressed by Case Management Order No. 2. All reasonable efforts should be made to avoid having the same page assigned more than one identifying number except when there is a need to account for different copies of the same document or page (for example, because of special notations being placed on the document).

    ii.    *Documents Produced by Non-Parties*

In the event that documents produced by persons or entities who are not parties to this action are not, when produced, identified by a unique numbering system, the party at whose request production was made shall be responsible for numbering the documents in accordance with the terms of the paragraph above.

**M.     Confidentiality of Documents**

All parties will be subject to the confidentiality order entered by this Court, which will govern the production, dissemination, and use of documents.

11

**II.     RULES CONCERNING PRIVILEGE ISSUES**

All rules concerning privilege will be governed by the Parties' Confidentiality Order and Case Management Order No. 4.

**III.    COORDINATION**

All discovery directed to Defendant and non-party witnesses on behalf of Plaintiffs shall be undertaken by, or under the direction of, the PSC on behalf of Plaintiffs with cases in these MDL proceedings. Any discovery not limited to a specific plaintiff shall be signed by Plaintiffs' Liaison Counsel or Plaintiffs' group's respective Lead Counsel. The parties will negotiate coordination of discovery with state court actions when and if the situation arises and submit a separate CMO on this issue.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 9, 2014**
**Charleston, South Carolina**