IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| IN RE: PELLA CORPORATION ARCHITECT AND DESIGNER SERIES WINDOWS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) ) ) ) ) ) ) ) | MDL Docket No. 2514 ALL CASES |

## CASE MANAGEMENT ORDER NO. 4

This Order governs the treatment of all privileged or work product materials in *In re Pella Corporation Architect and Designer Series Windows Marketing, Sales Practices and Products Liability Litigation*, MDL Docket No. 2514. This Order applies to those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to its Order of February 14, 2014, as well as all related actions originally filed in this Court or transferred or removed to this Court. This Order shall also govern the practice and procedure in any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.1 of the Rules of Procedure of that Panel subsequent to the filing of the final transfer Order by the Clerk of this Court and any related actions subsequently filed in this Court or otherwise transferred or removed to this Court. This Order applies equally to all parties, who for the purposes below shall be designated as either the "Producing Party" or the "Receiving Party."

**Choice of Law**

1.      In order to avoid disputes about the substantive law that applies to a claim of attorney-client privilege, the parties have agreed that Iowa law governing privilege – or the more stringent state law in favor of privilege – will apply to claims of attorney-client privilege.

1

2. The parties have agreed that claims of protection under the work product doctrine are governed by Federal law.

**Privilege Log Production**

3. Any document falling within the scope of any request for production or subpoena that is withheld on the basis of a claim of attorney-client privilege, work product, or any other claim of privilege or immunity from discovery is to be identified by the Producing Party in a privilege log, which the Producing Party shall produce in an electronic format that allows text searching of the log. The Producing Party shall produce a privilege log within thirty (30) days after the production of documents for which the privilege is asserted to apply, unless extra time is granted by consent of the Parties, the Court or Special Master. For each document for which a Producing Party asserts that a privilege or work product protection applies, the Producing Party must include in the privilege log the information required by Federal Rule of Civil Procedure 26(b)(5), including the following, if available:

   a. a unique identification number or range;

   b. type of document or ESI;

   c. the title or "Re:" line of the document or ESI, to the extent one exists, and if such title or "Re:" line does not provide privileged or protective information.

   d. a statement of the grounds alleged for withholding such document;

   e. the date of the document or communication;

   f. the identity of its author and signatories and to whom it was sent;

   g. a statement as to whether the document was produced with redactions; and

    h.      a description of the withheld document, communication or tangible thing in a manner that, without revealing information claimed privileged or protected, will enable a party to assess the validity or efficacy of the privilege claim;

    i.      if the information relates to privilege or work product arising out of litigation that is not the subject of this Order, that litigation must be identified by case name, case number, and court jurisdiction;

    j.      the name(s) of the recipient(s) of the document (if known); and

    k.      If the document is comprised of an email chain, the name(s) of the recipient(s) on the most recent email in the chain will be identified, and disclosure will be made that the document constitutes a thread of emails.

4.      Email threads may be treated as a single document with a single entry in the privilege log where the same claim of privilege or attorney work product extends to the entire thread. If emails within a thread are being withheld on the basis of different claims for protection, each email for which protection is claimed must be identified by a separate entry in the privilege log.

5.      Notwithstanding the assertion of an objection, any purportedly protected document containing discoverable matter – including an email thread – must be disclosed with the purportedly protected portion redacted, with the redacted portion indicated on the document itself and listed on the privilege log to be provided pursuant to Paragraph 3. To the extent a Bates number is assigned to a redacted document, that Bates number will be provided to the Receiving Party.

6.      If withheld documents and/or ESI are (i) dated after the initiation of the first action concerning issues in this litigation, and (ii) are by, to or between any Party to this

litigation and their counsel or among their counsel, then the producing Party is not required to identify each such document or ESI on the Party's Privilege Log.

7. The Party producing any Privilege Log shall provide an electronic copy of the log in a load file identifying the production to which the Log applies.

8. If the Receiving Party believes that it requires more information to be included in a privilege log in order to make a challenge, the parties shall meet and confer and if agreement cannot be reached, the parties will submit the dispute to the Court or Special Master.

**Protections Against Waiver of Privilege**

9. Each Producing Party shall takes reasonable steps sufficient and appropriate to identify all documents (or portions of documents) to withhold from its own productions as potentially covered by the attorney-client privilege or work product protection doctrine ("Privileged Material").

10. Each Producing Party shall take prompt and reasonable steps to rectify errors in its productions of documents that have resulted in the disclosure of Privileged Material.

11. Any Privileged Material that is produced in this action shall be deemed to have been produced inadvertently, and the fact of production of any Privileged Material shall not itself be the basis for a subject matter waiver of any privilege or protection. Each party reserves the right to argue that a Producing Party waived privilege and/or protection of any Privileged Material solely as to that material itself because the Producing Party either (i) failed to take reasonable steps to prevent its disclosure, or (ii) failed to take prompt and reasonable steps to rectify the error. No disclosure of any Privileged Material in this litigation shall ever meet the test of Federal Rule of Evidence 502(a) and result in a subject matter waiver of any privilege or protection in this litigation or in any other current or future federal or state proceeding.

12. To avoid the cost and distraction of taking discovery to determine whether a Producing Party failed to take (i) reasonable steps to prevent disclosure, and/or prompt and reasonable steps to rectify an error of inadvertent production, if any receiving party provides notice that it contests the continued application of privilege or protection to specific Privileged Material, then the Producing Party shall, within seven (7) days of receiving notice, provide to the challenging party a detailed written description of: (a) the process that the Producing Party used to prevent inadvertent disclosure; (b) the date on which, and the way in which, the Producing Party first learned of the inadvertent disclosure; (c) the steps that the Producing Party then took to remedy the inadvertent production; and (d) any documents supporting its responses to (a)-(c). Pursuant to Federal Rule of Evidence 502(d), if the Court or Special Master rules that there was no waiver of privilege or protection as to any inadvertently produced Privileged Material in this proceeding, the inadvertent disclosure shall not be a waiver of privilege or protection as to such Privileged Material in this proceeding or any other current or future federal or state proceeding.

13. Any Producing Party may, at any time: (a) identify by Bates number or otherwise, any documents it has produced which it believes in good faith constitute or contain Privileged Material; (b) direct that Privileged Material not be used or disclosed; and (c) ask all other parties to return or certify destruction of the Privileged Material. As to any Privileged Material sufficiently identified, any instruction by a Producing Party not to use or disclose the Privileged Material shall be immediately effective as to any other party upon that other party's receipt of the instruction. The deadline to return or certify destruction of the identified Privileged Material is three (3) days from receipt of such request. Within three (3) days of making any such request for return or destruction, the Producing Party shall, if applicable, provide a redacted portion of otherwise responsive documents that remove Privileged Material, and shall produce a privilege

log or amendment thereof identifying each inadvertently produced document constituting or containing Privileged Material so that other parties may expeditiously challenge the designation, redaction, and/or withholding of such documents.

14. If a Receiving Party discovers documents (or portions of documents) that appear to be Privileged Material ("Obviously Privileged Material"), the receiving party will refrain from examining the Obviously Privileged Material any more than necessary to ascertain it is Privileged Material and shall notify immediately the relevant Producing Party that it has produced this Privileged Material. Within five (5) days of receiving this notice, the Producing Party must confirm or deny that the material is Privileged Material. If the Producing Party confirms that the Obviously Privileged Material is, indeed, Privileged Material, then all of the provisions of paragraph 13 related to claw-back procedures (including the provision of redacted documents, as appropriate, and the reflection of clawed-back Privilege Materials in a privilege log) apply.

**Privilege Dispute Procedure**

15. If a Receiving Party disagrees with a redaction or claim of protection it shall notify the Producing Party and the parties must then meet and confer to attempt to resolve their differences. After the meet and confer, any remaining disputes on the propriety of a redaction or claim of protection may be brought to the Court or Special Master, who will determine how to resolve the dispute.

16. If the Court or Special Master wishes to review in camera documents claimed to be privileged or work product-protected to resolve disputes, the Producing Party will be so notified and shall promptly submit, under seal, unredacted copies of the documents on which review is sought.

AND IT IS SO ORDERED.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 25, 2014**
**Charleston, South Carolina**