IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

IN RE: PELLA CORPORATION ARCHITECT  :   MDL Docket No. 2514
AND DESIGNER SERIES WINDOWS :   ALL CASES
MARKETING, SALES PRACTICES AND : 
PRODUCTS LIABILITY LITIGATION :
_____ :

### CASE MANAGEMENT ORDER NO. 7
(Defendant's Inspection of Named Plaintiffs' Homes)

A.    This Order shall govern those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of February 14, 2014, as well as all related actions originally filed in this Court or transferred or removed to this Court. This Order shall also govern the practice and procedure in any tag-along actions transferred to this Court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.1 of the Rules of Procedure of that Panel subsequent to the filing of the final transfer Order by the Clerk of this Court and any related actions subsequently filed in this Court or otherwise transferred or removed to this Court.

B.    The Plaintiffs shall make the windows in Named Plaintiffs' homes and the areas immediately surrounding any installed windows[1] available for inspection and testing.

C.    The following procedures and protocols shall govern such inspections and testing, subject to modification by agreement of the Parties participating in any such inspection or testing, or by further Order of the Court.

    1.    If Defendant desires to conduct inspection and testing of the windows addressed under this Order, it shall give reasonable notice of the inspection, not less than 20

---

[1] Parties are additionally entitled to investigate adjacent or nearby areas that could affect or contribute to a leaking problem; and if mold is an issue in a residence, Parties are entitled to investigate any alternative sources of water or mold within the residence.

days, unless agreed upon by the Parties, in advance of the date of the requested inspection and testing. The notice shall provide a description of the nature of the requested inspection and testing, including:

    a.    whether destructive testing is intended to be performed;

    b.    whether water testing is intended to be performed;

    c.    whether removal and/or retention of any window or window component is requested;

    d.    the proposed manner in which the party performing the testing intends to repair any damaged or affected windows, parts, or portions of the structures or premises, including identification of an on-site contractor who will perform any repairs; and

    e.    expected duration of the inspection and testing to be performed.

2. The Parties are directed to make reasonable efforts to resolve by mutual agreement, without court intervention, any scheduling problems or other issues that may arise concerning the inspection and testing. If, however, the Parties are unable to agree, the Party resisting the inspection and testing shall have the burden of requesting an informal, local audience with the Court or, failing such, obtaining a protective order or order compelling inspection pursuant to FED. R. CIV. P. 26. Upon the submission of a request for audience or the filing and service of such motion, the inspection and testing shall be stayed until such time as the Court issues its order or direction.

3. The scheduling and conduct of the inspection and testing shall be coordinated to the extent practicable with at least one representative of each Party who desires to observe in order that the inspection and testing can be concluded within a reasonable time with as little duplication and disruption as possible for the owner or occupant. If the inspection and

testing is not completed in a single day, it may continue into the following day or another day by agreement or as ordered by the Court.

4. With regard to testing noticed pursuant to paragraph (1) of this Order, all persons who will be conducting or observing the inspection and testing on behalf of any Party shall be identified to opposing counsel at least three (3) days in advance of the scheduled inspection and testing. In addition to the persons actually performing the inspection and testing, the persons permitted to attend shall be limited to the attorneys and necessary staff, experts, photographer or videographer, and such other persons whose presence is necessary for the efficient and expeditious completion of the inspection, testing, and documentation of conditions and results. Pursuant to Federal Rule of Civil Procedure 34(a)(2), any party may measure, survey, photograph, video and otherwise document the condition of each and every Pella window product that is the subject of the claims of Named Plaintiffs.

5. All inspection and testing, and any repairs arising therefrom, shall be performed by competent professionals in a good and workmanlike manner.

6. If destructive or water testing is to be performed, pursuant to paragraph (1) of this Order, on any structure(s) or premise, the Party on whose behalf the inspection and testing is to be performed shall identify the specific location(s) where such testing is to be conducted and describe the nature of the testing to be done. When the specific location(s) of destructive testing depends upon conditions observed during the initial visual inspection, the minimum notice requirement of paragraph (1) of this Order will not apply only as to the specific location(s). However, no destructive testing shall be commenced or proceed without prior approval of the presenting counsel. Any dispute concerning the proposed destructive testing that cannot be resolved by mutual agreement of Plaintiff and the Party or Parties who desire to

conduct the inspection and testing shall be resolved by the Court prior to commencement of any destructive testing.  By not performing destructive testing during the initial visual inspection, Defendant shall not have waived the right to request destructive testing at a later date pursuant to the terms of this Order.

7. In general, inspection and testing requested by defendant may include the following tasks:

    a. Forensic inspection and testing of windows in accordance with appropriate ASTM, AAMA or other industry standards;

    b. Inspection and testing of installation of windows, operation of windows, and testing of moisture levels in windows and/or surrounding framing or construction elements; and ambient humidity testing including data loggers all in accordance appropriate ASTM, AAMA or other industry standards;

    c. Any other reasonable testing proposed by Defendant's expert, provided however, other forms of testing that risks damage to the window or surround requires written consent of the presenting party or order of the Court;

    d. Collection and analysis of samples of materials at issue;

    e. Removal of interior window coverings;

    f. Protection of all interior furnishings, fixtures, flooring, and other items;

    g. Removal of interior trim surrounding the window;

    h. Removal of exterior trim surrounding window;

    i. Removal of sills below window;

    j. Removal of flashing tape on window nail fin/weather resistive barrier and head flashing, if present.

    k. Loosening of fasteners and removal of window;

    l. Removal of operable sash and replacement with new sash; and

    m. (if window is removed) Removal of jamb extensions;

    n. Mounting of uninstalled windows to permit testing;

      o.    Supplemental testing to be agreed upon between the parties or permitted by the Court.

8. Retention of any window components is subject to the consent of the presenting counsel and/or a retention sharing agreement.

9. Any and all windows, window components, or other building material removed, damaged, or otherwise affected must be immediately replaced and repaired in a good workmanlike manner; and to the satisfaction of the homeowner. When applicable, this includes but is not limited to:

      a.    Installation of Tyvek FlexWrap or similar flashing tape as rough opening and sill flashing;

      b.    Sealing of cuts in weather resistive barrier with Tyvek tape or equal, and generally reestablishing the weather lapped, weather resistance plane of the secondary moisture barriers;

      c.    (If window was removed) Reinstallation of window and jamb extensions;

      d.    Installation of flashing tape on window nail fin/weather resistive barrier (not on sill fin), reinstallation of head flashing if such flashing was previously removed;

      e.    Reinstallation of exterior wall cladding materials previously removed, including replacement of any materials damaged during removal with new materials;

      f.    Installation of new interior drywall where previously removed;

      g.    Reinstallation of interior trim around window where previously removed;

      h.    Refinish/repaint all interior and exterior materials previously removed or replaced to reasonably match existing;

      i.    Reinstallation of window coverings;

      j.    Any paint, caulk, or sealant as necessary to effectuate a complete, reasonably matching repair of the home; and

      k.    Clean-up and removal of temporary protective materials.

10. If Named Plaintiffs plan on undertaking repair or replacement of their Pella windows products that are the subject of the litigation, Named Plaintiffs will give Pella a 20-day notice so that Pella may observe the Pella window products in their as installed condition before repair or replacement and to reveal details of window installation and the interface between the windows and wall assembly openings and other water management features such as flashings, water resistant barriers and caulk joints. Named Plaintiffs will retain any Pella window products that they remove from their homes or other buildings. If Named Plaintiffs have already removed any Pella products that are the subject of the litigation, Pella will separately inspect those products.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 28, 2014**
**Charleston, South Carolina**

6