# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **IN RE: PELLA CORPORATION** | : | **MDL Docket No. 2514** |
| **ARCHITECT AND DESIGNER SERIES** | : | **ALL CASES** |
| **WINDOWS MARKETING, SALES** | : | |
| **PRACTICES AND PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |

## AMENDED CASE MANAGEMENT ORDER NO. 5
## (SCHEDULING ORDER)

The following schedule shall govern those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation, pursuant to its Order of February 14, 2014:

1. All parties shall name any additional defendants or additional third party defendants within 30 days of the Court's final ruling on pending Rule 12 motions to dismiss. If Plaintiffs are granted leave to amend a Complaint, the 30-day deadline shall not apply until 30 days after Defendant(s) file an Answer or the Court rules on any Rule 12 motion for such Amended Complaint.

2. All initial written discovery to be served in advance of class certification, including interrogatories and requests for production to or from any party to the litigation as of the date of this Order, shall be served by **June 6, 2014.** For any party, including any third party defendant, added to the litigation after the date of this Order, written discovery to or from that party shall be served within 45 days of the party being added to the litigation.

3. The Parties shall come to an agreement on proposed custodians and search terms as required by Case Management Order No. 2, Sections III.As. VI.A.2 and Exhibit A, by **December 1, 2014**.

4.       Inspections of homes of all class representatives shall be completed by **January 1, 2015.** Homes the subject of cases transferred following entry of this order shall be inspected within 60 days of receipt of transfer by the District Court of South Carolina. Inspections of Pella's manufacturing plant(s), and windows to be determined by a mutually agreed upon scope and schedule shall be completed by **January 1, 2015.**

5.       All document production in response to requests for production of documents served as set for in paragraph 2, above, shall be in rolling productions, agreed to by the parties following Defendant's receipt of Plaintiffs' Master Set of Discovery, but shall be completed by **January 15, 2015.**

6.       Depositions of all class representatives shall be completed by **February 1, 2015.**

7.       By **April 1, 2015**, the parties shall select three (3) cases for motions and briefing on class certification.

The cases shall be selected in the following manner: Plaintiffs shall jointly select one case; Defendant shall jointly select one case and one case shall be selected at random from the remaining cases by whatever method agreed to by the Court and Parties**.** If Defendant's selected case is dismissed by Plaintiffs after **April 1, 2015**, the case will be dismissed with prejudice unless good cause can be shown that it should not be, the non-dismissing party shall be entitled to select a substitute case within Ten (10) days from when the case is dismissed, and briefing as to that case will be re-set at that time.

8.       All depositions of Pella fact witnesses; third party defendants; and third party witnesses shall be completed by **March 1, 2015**.[1]

---

[1] This scheduling is predicated upon rolling productions in advance of the **January 15, 2015** deadline.

9. Plaintiffs shall disclose any expert who will provide testimony or affidavits in support of class certification and provide expert reports for such experts as required by Rule 26 by **April 1, 2015.**

10. Pella shall disclose any expert who will provide testimony or affidavits in opposition to class certification and provide expert reports for such experts as required by Rule 26 by **May 1, 2015**.

11. All depositions of the parties' experts regarding class certification issues and any other inspections performed shall be completed by **June 15, 2015.**

12. Plaintiffs' motion for class certification for the selected cases and all briefing and materials in support of motion(s) for class certification shall be filed on or before **July 15, 2015.**

13. Pella's opposition to plaintiffs' motion for class certification and all briefing and materials in support of its opposition shall be filed on or before **September 1, 2015.**

14. Plaintiffs' reply memoranda in support of their motion(s) for class certification shall be filed on or before by **September 15, 2015.**

15. The Court may hear oral argument on the class certification motions on a date to be determined.

16. After the Court's decision on class certification for the 3 cases, the Court and the Parties will confer and discuss the impact of the Court's ruling(s) on all remaining class action complaints. The Court may ask for briefing on that issue and, if so, will establish a schedule for that briefing.

17. To the extent that the schedule set forth in this order is inconsistent with any case management order entered in this proceeding, the dates in this Order shall govern.

18.     Nothing in this Order shall limit either party's ability to bring dispositive motions under Rules 12 and 56 before plaintiffs' motion(s) for class certification are filed, briefed and considered, or for either party to move for a Bellwether trial.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**November 12, 2014**
**Charleston, South Carolina**