**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| IN RE: PELLA CORPORATION ) | | MDL No. 2514 |
| ARCHITECT AND DESIGNER SERIES ) | | No. 2:14-mn-00001-DCN |
| WINDOWS MARKETING, SALES ) | | ALL CASES |
| PRACTICES AND PRODUCTS ) | | |
| LIABILITY LITIGATION ) | | **ORDER** |
| ) | | |

This matter is before the court on plaintiffs' motion to consolidate and motion to file a consolidated amended complaint. For the reasons set forth below, the court denies both motions.

## I.  BACKGROUND

Resolution of these motions requires examining the unique procedural posture of this multidistrict litigation ("MDL") and the history of litigation over windows manufactured by defendant Pella Corporation ("Pella").

### A.  Saltzman/Eubank

On August 18, 2006, Leonard Saltzman filed Saltzman v. Pella Corp. ("Saltzman/Eubank"), in the United States District Court for the Northern District of Illinois. On November 8, 2006, Saltzman and four additional plaintiffs filed an amended class action complaint, alleging damages caused by defects in Pella's ProLine, Architect, and Designer Series windows. Discovery in Saltzman was bifurcated into two phases. Phase I discovery was limited to issues surrounding class certification, while Phase II discovery into the merits of plaintiffs' claims would proceed only once class certification was resolved. The Saltzman plaintiffs produced their Phase I expert disclosures on January 4, 2008. The opinions offered in both reports were limited to ProLine Series

1

windows and no opinions were offered with regard to Architect or Designer Series windows. See Def.'s Resp. Exs. 1, 2.

On May 16, 2008, the Saltzman/Eubank plaintiffs filed a motion for class certification. They sought Rule 23(b)(3) certification of seven state-wide consumer protection damages subclasses and ten state-wide unjust enrichment damages subclasses and Rule 23(b)(2) certification of a nationwide declaratory relief class, all with respect to ProLine Series windows only. The Saltzman/Eubank plaintiffs did not move to certify any classes relating to the Architect or Designer Series claims. After another round of class certification briefing (which, again, did not seek class certification with regard to any Architect and Designer Series claims), the court granted in part and denied in part the motion for certification as to ProLine Series windows only. Saltzman v. Pella Corp., 257 F.R.D. 471, 487 (N.D. Ill. 2009), aff'd, 606 F.3d 391 (7th Cir. 2010).

On October 28, 2011, the Saltzman/Eubank plaintiffs moved to file a second amended complaint, which included claims related Architect and Designer Series windows. The court apparently never granted leave to file the second amended complaint due to the pendency of ongoing settlement discussions. The four named plaintiffs other than Saltzman opposed the settlement, and they were replaced as named plaintiffs by four other class members. The parties subsequently entered into a settlement agreement limited to ProLine Series windows. At that time, the Saltzman/Eubank plaintiffs filed a third amended complaint. The third amended complaint conformed to the settlement agreement and eliminated any reference to Architect or Designer Series windows and omitted the plaintiffs who did not own ProLine windows. The district court approved the settlement.

A group of objectors—including the four original named plaintiffs—appealed the district court's approval of the settlement. The Seventh Circuit reversed the district court's approval of the settlement, replaced Saltzman as a class representative, held that "the plaintiffs named in the third amended complaint, whom that agreement caused to be substituted for the original named plaintiffs (other than Saltzman), must be discharged and the four original named plaintiffs (whom we've called the 'defrocked' plaintiffs) reinstated," and remanded the case to the district court. Eubank v. Pella Corp., 753 F.3d 718, 729 (7th Cir. 2014).

On October 2, 2014, the Judicial Panel on Multidistrict Litigation ("JPML") transferred Saltzman/Eubank's Architect and Designer Series claims to this court. The ProLine Series claims were severed and remanded to the Northern District of Illinois.

### B.     MDL

The first individual case in this MDL, Andrews v. Pella, was filed on February 24, 2013 in the Eastern District of Louisiana. On February 14, 2014, the JPML transferred Andrews and five other cases to this court for coordinated pretrial proceedings. In re: Pella Corp. Architect & Designer Series Windows Mktg., Sales Practices & Prods. Liab. Litig., 996 F. Supp. 2d 1380, 1383 (J.P.M.L. 2014). Since then, the JMPL has transferred 12 more cases to this court. The court has heard many motions to dismiss in the individual cases and filed orders in eight of the cases, reaching a variety of results based on differences in state law and the particular factual background of each case. Several orders dismissed only some claims, while others dismissed the entire complaint. Most dismissals were without prejudice, while one case was dismissed with prejudice. Five of the original motions to dismiss remain pending. Additionally, two motions to dismiss

have been filed which relate to amended complaints filed in light of the court's orders on earlier motions.

### C.     Plaintiffs' Current Motions

On April 14, 2015, plaintiffs filed two motions: a motion to consolidate and a motion for leave to file a consolidated amended complaint. Pella responded on May 1, 2015, and plaintiffs filed a reply on May 12, 2015. Both motions are ripe for the court's review.

## II.  STANDARD

### A.     Motion to Consolidate

Federal Rule of Civil Procedure 42(a) provides that a court may consolidate actions before it if they "involve a common question of law or fact." District courts have "broad discretion" when determining whether to consolidate actions under Rule 42(a). A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Co., 559 F.2d 928, 933 (4th Cir. 1977). The Fourth Circuit has held that the "critical question" in determining whether consolidation should be allowed is:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982).

### B.     Motion to Amend

Leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15. However, "a district court has discretion to deny a motion to amend a complaint, so long as it does not outright refuse 'to grant the leave without any justifying

4

reason.'"  Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  A district court may deny a motion to amend when the amendment would be prejudicial to the opposing party, the moving party has acted in bad faith, or the amendment would be futile.  Id.  In absence of such a reason, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."  Foman, 371 U.S. at 182.  A district court's denial of a motion to amend is reviewed for abuse of discretion.  Equal Rights Ctr., 602 F.3d at 603.

### III.  DISCUSSION

Plaintiffs make no attempt to hide the fact that their motivation for the two motions at issue is to invoke the relation back doctrine of Federal Rule of Civil Procedure 15(c), which provides that in certain circumstances, an amendment to a pleading can relate back to the date of the original pleading.  Specifically, plaintiffs argue that the named plaintiffs in the individual MDL actions other than Saltzman/Eubank ("the MDL named plaintiffs") are absent class members in Saltzman/Eubank.  Therefore, plaintiffs argue that the MDL named plaintiffs' claims relate back to the original filing in Saltzman/Eubank—August 18, 2006—making timely many claims that would otherwise be barred by the applicable statutes of limitation.  The court will consider each motion in turn.

    **A.**     **Motion to Consolidate**

First, plaintiffs seek to consolidate the actions pending in this MDL under Rule 42(a).  Pls.' Mot. to Consolidate 1.

Numerous courts have recognized that motions to consolidate do not invoke the relation back doctrine of Rule 15(c) because consolidation under Rule 42(a) does not merge the consolidated suits into a single action.  See Intown Props. Mgmt., Inc. v. Wheaton Van Lines, Inc., 271 F.3d 164, 168 (4th Cir. 2001) ("Although consolidation 'is permitted as a matter of convenience and economy in administration, [it] . . . does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another.'" (quoting Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496–97 (1933))); Twaddle v. Diem, 200 F. App'x 435, 438 n.4 (6th Cir. 2006) ("Consolidation would not raise the prospect of relation back because consolidation does not merge the suits into a single action, change the rights of the parties, or make parties in one suit parties in the other." (citing Johnson, 289 U.S. at 496–97));  U.S. ex rel. Malloy v. Telephonics Corp., 68 F. App'x 270, 273 (3d Cir. 2003) (holding that "Rule 15(c) does not permit a complaint filed in one civil action to relate back to a complaint filed in a separate civil action"); Bailey v. N. Ind. Pub. Serv. Co., 910 F.2d 406, 413 (7th Cir. 1990) (holding Rule 15(c) inapplicable because the claim at issue "was not contained in an amended pleading in Suit 1 but in a second, separate complaint" and noting that the mere fact that the suits were consolidated for trial did not make the second suit an amendment to the first); Bamberg v. SG Cowen, 236 F. Supp. 2d 79, 86 (D. Mass. 2002) ("A complaint that would be time-barred if it were being tried alone cannot be resuscitated by dint of its consolidation with another case."); Morin v. Trupin, 778 F. Supp. 711, 733 (S.D.N.Y. 1991) (holding relation back was not apposite since the case involved a consolidation rather than an amendment of the original pleadings to add new plaintiffs).

Therefore, plaintiffs' motion to consolidate under Rule 42(a), if the court were to grant it, does not produce the outcome they desire—relation back under Rule 15(c). To the extent that plaintiffs still wish to consolidate these various cases under Rule 42(a), the court finds that consolidation is unnecessary. First, these actions have already been consolidated pursuant to 28 U.S.C. § 1407, which provides that "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." "Transfer under § 1407 aims to 'eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." Gelboim v. Bank of Am. Corp., --- U.S. ---, 135 S. Ct. 897, 903 (2015) (quoting Manual for Complex Litigation § 20.131 (4th ed. 2004)). The JPML transferred the individual actions to this court for "coordinated or consolidated pretrial proceedings," In re Pella Corp., 996 F. Supp. 2d at 1383, and Case Management Order No. 1, to which the parties agreed, plainly indicates that the "actions described above are consolidated for pretrial purposes," CMO-1 1.

In short, the court agrees with Pella that "[t]he present procedural posture already has eliminated the risk of duplicative discovery, duplicative motion practice, and inconsistent pretrial rulings, and has prescribed an efficient process for class certification motions." Def.'s Resp. 12. Plaintiffs fail to explain how consolidation under Rule 42(a) would enhance efficiency any more than § 1407 consolidation already has.

Therefore, the court denies plaintiffs' motion to consolidate under Rule 42(a).

### B.  Motion to Amend

Next, plaintiffs seek leave to file a "consolidated amended complaint" to serve as the "operative complaint" for all the cases in this MDL.  Pls.' Mot. to Amend 1.

#### 1.  Whether MDL Named Plaintiffs are Absent Class Members in Saltzman/Eubank

As discussed above, plaintiffs' argument is premised in large part on the fact that the MDL named plaintiffs are absent class members in Saltzman/Eubank.  Pls.' Reply 1–2.  Pella argues that they are not absent class members because the Saltzman/Eubank plaintiffs abandoned their class claims relating to Architect and Designer Series windows.  Def.'s Resp. 29.

The scheduling order in Saltzman/Eubanks, after multiple amendments and extensions, required the plaintiffs to move for class certification by May 16, 2008.  As discussed above, the Saltzman/Eubank plaintiffs sought certification of various classes, all with respect to ProLine Series windows only.  In their motion for class certification, the plaintiffs noted that Architect and Designer Series windows "appear to contain the same latent defect as ProLine . . . windows," and they "reserve[d] the right to amend the class definition should Phase II discovery warrant."  Saltzman/Eubank Pls.' Mot. for Class Certification 1 n.1.  However, plaintiffs went to great lengths to emphasize their election not to pursue class claims regarding Architect and Designer Series windows.  In their reply memorandum in support of class certification, they made this point clear:

> Plaintiffs' Amended Motion for Certification . . . clearly seeks certification only for ProLine Windows.  Pella's references to Architect and Designer windows are irrelevant.  Likewise, Pella ignores the fact that Plaintiffs' Memorandum in Support of Their Motion for Class Certification . . . addresses only ProLine Windows.  Contrary to the foregoing, Pella raises new factual and legal issues pertaining to Architect and Designer series windows indiscriminately and interchangeably with

8

> ProLine Windows, which at best is sloppy, and at worst an outright attempt to confuse and mislead the Court to deny certification . . . .
>
> Pella's reliance upon Pappas v. Pella Corp., Case No. 02-L 14558, Circuit Court of Cook County, Illinois, Order, Aug. 21. 2007 is misplaced for the same reason. Though the Pappas[1] opinion denying certification is not otherwise binding on this Court, that case involved Architect and Designer series windows and not ProLine windows.

Saltzman/Eubank Pls.' Reply in Supp. of Class Certification 3–4 (emphasis in original).

Many courts have held that a failure to move for class certification by the applicable deadline constitutes a waiver or abandonment of the class claims. See Kendrick v. Jefferson Cnty. Bd. of Educ., 932 F.2d 910, 914 (11th Cir. 1991) (affirming district court's dismissal of class action claim for want of prosecution because plaintiff failed to move for class certification as required by the scheduling order); Dickson v. Am. Airlines, Inc., 685 F. Supp. 2d 623, 629 (N.D. Tex. 2010) (holding that where the plaintiff failed to move for class certification by the applicable deadline, the case was "no longer . . . a putative class action"); Chrisman v. Countrywide Home Loans, Inc., 2010 WL 1257864, at *2 (E.D. Tenn. Mar. 26, 2010) (dismissing class action allegations where the plaintiffs failed to move for class certification by the deadline set by the scheduling order); Lee v. Dell Products, L.P., 236 F.R.D. 358, 362 (M.D. Tenn. 2006) ("[T]he passage of the date for filing a motion to certify the action as a class action without the plaintiffs' actually filing any such motion terminated the action as a class action from that day forward."); Moreno v. Baca, 2002 WL 338366, at *18 (C.D. Cal. Feb. 25, 2002) (striking class allegations because the plaintiff failed to bring motion for class certification within a reasonable time); McLean v. Merrifield, 2002 WL 1477607, at

---

[1] In Pappas v. Pella Corp., an Illinois state court denied class certification for claims concerning defects in Architect and Designer Series windows.

*7 (W.D.N.Y. June 28, 2002) (noting that failure to move for class certification within the allocated time frame constitutes an intentional abandonment and waiver of all class allegations).

Moreover, Federal Rule of Civil Procedure 23(c)(1)(A) requires courts to determine whether to certify an action as a class action "[a]t an early practicable time after a person sues . . . as a class representative." In this case, any decision made by this court regarding class certification of Architect and Designer Series windows in Saltzman/Eubank would take place almost nine years after the case was initially filed, whereas the earliest of the other actions in this MDL was filed just over two years ago. [2]

Plaintiffs argue that when this MDL was formed and for four months thereafter, this MDL was litigated "in a world where the [Saltzman/Eubank] class action was settled and the class claims related to Pella's Architect Series and Designer Series Windows had seemingly been extinguished." Pls.' Reply 1 (emphasis added). But those claims were seemingly exhausted because the Saltzman/Eubanks plaintiffs made a deliberate decision to settle only their ProLine Series claims and to not pursue their Architect and Designer Series class claims. Notably, the Seventh Circuit's opinion did not discuss the Architect and Designer Series class claims at all, it simply indicated that the "plaintiffs named in the third amended complaint . . . must be discharged and the four original plaintiffs (whom we've called the 'defrocked' plaintiffs) reinstated." 753 F.3d at 729.

The court finds that the Saltzman/Eubank plaintiffs' failure to move for class certification regarding their Architect and Designer Series class claims—indeed, their

---

[2] The court notes that the reinstated Saltzman/Eubank plaintiffs moved for class certification of their Architect and Designer Series claims on August 5, 2014, shortly after the case was remanded from the Seventh Circuit. However, that motion was still made nearly eight years after the case was filed.

10

repeated insistence that they were not moving for certification with regard to those class claims—constituted a waiver and abandonment of those class claims. Because those class claims have been waived, the MDL named plaintiffs are not absent class members in Saltzman/Eubank.

### 2.    Rule 15(a)

The determination that the MDL named plaintiffs are not absent class members in Saltzman/Eubank does not end the inquiry. The court still must consider whether plaintiffs have satisfied Rule 15(a).

As discussed above, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006). "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing." Id. However, delay alone is an insufficient reason to deny a motion to amend—it must be accompanied by prejudice, bad faith, or futility. Id.

There is obviously considerable delay here—the motion to amend was filed nearly nine years after Saltzman/Eubank was originally filed. That simply leaves the question of whether the amendment would prejudice Pella. The court finds that it undoubtedly would. The parties have spent a great deal of time briefing and arguing motions to dismiss the various actions consolidated in this MDL. By plaintiffs own admission, much of that litigation took place "in a world where [Saltzman/Eubank] was settled and the class claims related to Pella's Architect Series and Designer Series Windows had seemingly been extinguished." Pls.' Reply 1. In light of the parties'

11

briefing and oral arguments, the court has decided eight motions to dismiss, dismissing many claims or entire cases, often (but certainly not always) based on the statute of limitations.  If allowed to amend their complaint—and if the claims of the various MDL individual plaintiffs were to relate back to the filing of Saltzman/Eubank—Pella would potentially lose its statute of limitations defense and much of the work the courts and the parties have done in narrowing the issues in the individual cases would be undone.  The Fourth Circuit has affirmed a district court's denial of a motion to amend a complaint to join a related complaint that had not been timely filed in part because the potential loss of a statute of limitations defense.  Intown Props., 271 F.3d at 170; see also Plumley v. Allstate Ins. Co., 772 F. Supp. 922, 924 (S.D.W. Va. 1991) ("[P]rejudice is obvious when to permit the amendment would virtually eliminate the affirmative defense of the statute of limitations.").

Plaintiffs argue that Pella would not be prejudiced because Pella had notice at the filing of Saltzman/Eubank that it would have to defend against such claims.  Pls.' Reply 15; see Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980) ("Because defendant was from the outset made fully aware of the events giving rise to the action, an allowance of the amendment could not in any way prejudice the preparation of defendant's case.").  However, this argument completely ignores the fact that the Saltzman/Eubank plaintiffs had abandoned their claims related to Architect and Designer Series windows by 2008.  It was another five years before another one of the actions against Pella consolidated in this MDL was filed.  To accept plaintiffs' argument would essentially place Pella in legal limbo for five years, leaving it to speculate whether abandoned claims in a settled case would eventually be resurrected.

Because allowing plaintiffs to amend the Saltzman/Eubank complaint would prejudice Pella, the court denies plaintiffs' motion to amend.

## IV.  CONCLUSION

Based on the foregoing, the court **DENIES** plaintiffs' motion to consolidate and **DENIES** plaintiffs' motion to amend.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**July 9, 2015**
**Charleston, South Carolina**

13