**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| IN RE: PELLA CORPORATION | ) | MDL No. 2514 |
| ARCHITECT AND DESIGNER SERIES | ) | No. 2:14-mn-00001-DCN |
| WINDOWS MARKETING, SALES | ) | ALL CASES |
| PRACTICES AND PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | **ORDER** |
| | ) | |

This matter is before the court on plaintiffs' motion to compel production of custodial files. For the reasons set forth below, the court denies plaintiffs' motion.

**I. BACKGROUND**

On June 17, 2014, the court issued Case Management Order 5 ("CMO-5"), setting deadlines for discovery. CMO-5 provides that the parties "shall come to an agreement on proposed custodians . . . by June 15, 2014." On June 9 and 26, 2014, Pella produced organization charts to assist plaintiffs in selecting their custodial files. By agreement, the parties extended the initial deadline to select custodians to September 16, 2014 and October 1, 2014. On September 16, 2014, plaintiffs selected 21 custodians, but did not identify any additional custodians on October 1, 2014. On November 12, 2014, the court amended CMO-5 again, extending the deadline for selection of custodians to December 1, 2014. On December 1, 2014, plaintiffs identified an additional six custodial files.[1]

On March 20, 2015, plaintiffs served their second master set of discovery requests on Pella, requesting the production of 12 additional custodial files for various individuals. Pls.' Mot. Ex. A. On April 22, 2015, Pella served its objections to plaintiffs' second master set of discovery. Id. Pella refused to produce the custodial files, arguing that the

---

[1] Pella asserts that plaintiffs identified eight custodians on December 1, but one custodian had no responsive non-privileged documents and one has already been identified on September 16.

1

requests are untimely, exceed the limit permitted by CMO-5, and are barred by a prior ruling by the court. Id.

On January 23, 2015, plaintiffs filed the instant motion to compel, seeking an order requiring the production of the custodial files. Pella responded on May 15, 2015. This matter has been fully briefed and is ripe for the court's review.

## II. STANDARD

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense" and that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." If a party declines to answer an interrogatory or request for production, the serving party "may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). "The scope and conduct of discovery are within the sound discretion of the district court." Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co., 56 F.3d 556, 568 n.16 (4th Cir. 1995) (citing Erdmann v. Preferred Research, Inc. of Ga., 852 F.2d 788, 792 (4th Cir. 1988)); see also Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., 334 F.3d 390, 402 (4th Cir. 2003) ("Courts have "broad discretion in [their] resolution of discovery problems arising in cases before [them]." (alterations in original and internal quotation marks omitted)).

## III. DISCUSSION

Plaintiffs seek an order compelling production of the custodial files of 12 additional custodians. Pls.' Mot. 1. The crux of plaintiffs' argument is that documents indicating the importance of these 12 custodians were not produced until late 2014 and

2

early 2015.  Id. at 4 ("[T]hese custodians could not have possibly been identified until recently due to the nature and schedule of Pella's production.").  Pella argues that plaintiffs had ample opportunity to identify the 12 custodians.  Def.'s Resp. 18.  According to Pella, each custodian appeared in the organizational charts that were produced in June 2014 and in various documents produced in July through November.  Id. at 18–19.  Additionally, Pella claims all but one of the 12 were identified during Rule 30(b)(6) depositions.  See id. Exs. 5–12.  Most of these depositions took place in November and December 2014, with one finishing in January 2015.

      Quite simply, plaintiffs' requests come too late in the game.  Deadlines for identifying custodians were initially set by terms the parties agreed to.  More than once, the court pushed back the deadline for identifying custodians at plaintiffs' request.  Plaintiffs filed the current motion nearly five months after the deadline for identifying custodians had passed.  The fact that plaintiffs may not be completely happy with the custodians they selected does not entitle them to reopen discovery.  Moving the date for custodian identification would likely push back the other deadlines in this case, which the court has indicated it is not inclined to do.

      The court notes that plaintiffs are not without any files concerning these 12 custodians.  According to Pella, when the documents already produced were searched, the names of the 12 custodians appeared in between 281 (the custodian appearing in the fewest documents) and 2,389 (the custodian appearing in the most) documents.  Moreover, Pella no longer has contract attorneys working on this matter since document production has been completed.  Therefore, restarting discovery will not only take time, but also cause Pella to incur significant expenses.

## IV.   CONCLUSION

Based on the foregoing, the court **DENIES** plaintiffs' motion to compel additional custodial files.

**AND IT IS SO ORDERED**.

	*/s/ David C. Norton*
	**DAVID C. NORTON**
	**UNITED STATES DISTRICT JUDGE**

**July 9, 2015**
**Charleston, South Carolina**

4